IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CHRISTIAN FAITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA and )<br>INTERNAL REVENUE SERVICE, )<br>)<br>Defendants. ) | Case No. 3:22-cv-47<br><br>JUDGE KIM R. GIBSON |

### MEMORANDUM OPINION

There are two motions pending before the Court in this case: a notice of default filed by pro se plaintiff James Christian Faith, a/k/a James-Christian: Faith© ("Mr. Faith"), (ECF No. 3), and a Rule 12(b)(5) motion to dismiss filed by defendants United States of America and Internal Revenue Service ("IRS") (collectively, "Defendants"). (ECF No. 6).[1] For the following reasons, the Court **DENIES** the notice of default at ECF No. 3 and **GRANTS** the motion to dismiss at ECF No. 6.

I.  BACKGROUND

On December 10, 2015, Mr. Faith pleaded guilty before this Court to one count of tax evasion. (Case No. 3:15-CR-26, ECF No. 6). On July 1, 2016, the Court sentenced Mr. Faith to 24 months of imprisonment and 3 years of supervised release. (*Id.*, ECF No. 26). It also ordered him to pay $1,506,814.53 in restitution to the IRS. (*Id.*).

---

[1] Mr. Faith identifies himself in court filings as "James-Christian: Faith©[,]" (*see, e.g.*, ECF No. 1 at 1), but his name is listed in the case caption as "James Christian Faith[.]" The plaintiff's legal name appears to be the latter. (*See* ECF No. 8-2 at 1) (a birth certificate with the name "James Christian Faith").

According to Defendants, the IRS sent to Mr. Faith on February 13, 2019, a "Letter 1058, Final Notice, Notice of Intent to Levy and Notice of your Right to a Hearing" regarding liabilities for tax years 2009 and 2016. (Case No. 3:22-CV-47, ECF No. 6-1 at 2).[2] On March 30, 2022, Mr. Faith filed a complaint in the present case claiming that the "letter of Notice of Intent to Levy" sent to him by the IRS is "null[] and void" for various reasons including, inter alia, that the IRS is not a "lawful bureau or department within the U.S. Department of the Treasury[,]" and that he "[is] not and . . . never was a 'taxpayer' as that term is defined in the Internal Revenue Code." (ECF No. 1 at 7–9, 14).

On December 14, 2022, Mr. Faith filed a "Notice of Default" requesting that the Court enter a default judgment in his favor because "Defendant(s) hav[e] received and been served . . . and hav[e] failed to plead, with time now expired to do so . . . ." (ECF No. 3 at 3). (He argues, in other words, that Defendants failed to timely answer his complaint). (*See id.*). On January 5, 2023, Defendants filed a response in opposition to Mr. Faith's request for default judgment, arguing that Mr. Faith "failed to provide proper service to the Defendants" and "Defendants' time to respond has therefore not begun to run." (ECF No. 5 at 1). On the same date, Defendants filed a motion to dismiss Mr. Faith's complaint under Federal Rule of Civil Procedure 12(b)(5), asserting that Mr. Faith "has failed to provide sufficient service of process to the Defendants . . . and the time allowed for him to do so under the rules has expired." (ECF No. 6 at 1) (citing FED. R. CIV.

---

[2] Defendants offer this factual assertion in the memorandum of law supporting their motion to dismiss, (Case No. 3:22-CV-47, ECF No. 6-1 at 2), but they support it with a general citation to Case No. 3:19-CV-64, and the Court finds no evidence of this document's existence in that earlier case. (*See generally* Case No. 3:19-CV-64). Nevertheless, the Court includes this factual assertion because it is helpful to understanding the content of Mr. Faith's complaint in the present case.

P. 12(b)(5)). As of the entry of this Memorandum Opinion, Mr. Faith has not responded to either of Defendants' filings.

II.     DISCUSSION

When a plaintiff proceeds pro se and does not respond to a motion to dismiss, a merits analysis is appropriate in determining whether to grant the motion. *See Gary v. Pa. Hum. Rels. Comm'n*, 497 F. App'x 223 (3d Cir. 2012); *see also Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991). Both outstanding motions turn on the substantive issue of whether Mr. Faith properly served process on Defendants. For the following reasons, the Court finds that Mr. Faith failed to do so.

Federal Rule of Civil Procedure 4 governs service of the United States and federal agencies such as the IRS. To serve the United States, a party must:

> (1) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (3) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1). To serve a federal agency, a party must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . ." FED. R. CIV. P. 4(i)(2).

Here, the record does not indicate that Mr. Faith served his summons on either the local United States Attorney, the Attorney General of the United States, or the IRS. The IRS denies

having been served with a copy of the summons, (ECF No. 5 at 4), and Mr. Faith has not provided the Court with any evidence to the contrary. Although Mr. Faith filed a copy of his summons with the Court that was accessible to the parties on the Court's Case Management/Electronic Case Files ("CM/ECF") system, (ECF No. 2), this is insufficient to effect service of summons. *See Dougherty v. Dupes*, No. 1:17-CV-1541, 2018 WL 1696651, at *3 (M.D. Pa. Apr. 6, 2018).[3] "[T]he party making the service has the burden of demonstrating its validity when an objection to service is made[,]" *Kornea v. J.S.D. Mgmt., Inc.*, 366 F. Supp. 3d 660, 666–67 (E.D. Pa. 2019) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488–89 (3d Cir. 1993)), and the Court finds that Mr. Faith has failed to carry his burden of showing that he had properly served process on Defendants.

Accordingly, the Court will deny Mr. Faith's notice of default. (ECF No. 3). Only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" must the clerk of court enter the party's default. FED. R. CIV. P. 55(a). Mr. Faith seeks default judgment based on the alleged untimeliness of Defendants' answer, but Defendants "must serve an answer . . . within twenty days *after being served* with the summons and complaint." FED. R. CIV. P. 12(a) (emphasis added). Because Mr. Faith failed to properly serve process on Defendants, the Court finds no basis for entering a default judgment against Defendants.

---

[3] Although "the filing of permissible documents on the docket through the CM/ECF system ordinarily provides service of those documents to parties or attorneys representing parties who are registered in the CM/ECF system . . . neither filing in the CM/ECF system nor the provisions for serving a paper filed in court . . . substitutes for the required service of process, [i.e.], service of summons with the complaint in accordance with Rule 4." *Dougherty*, 2018 WL 1696651, at *3.

The Court will also grant Defendants' motion to dismiss Mr. Faith's complaint under Rule 12(b)(5) for insufficient service of process. (ECF No. 6). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV. P. 4(c)(1). "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Mr. Faith has not served process on Defendants in the sixteen months that have passed since he filed his complaint on March 30, 2022—a full year beyond the 120 days provided for service under Rule 4(m). Under these circumstances, the Court finds it appropriate to dismiss the complaint without prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CHRISTIAN FAITH, | ) | |
| | ) | Case No. 3:22-cv-47 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 4th day of August, 2023, **IT IS HEREBY ORDERED** that Mr. Faith's Notice of Default, (ECF No. 3), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Rule 12(b)(5) motion to dismiss, (ECF No. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that Mr. Faith's complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE**. The clerk of court is directed to mark this case as closed.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

Notice by U.S. Mail to:

James Christian Faith
a/k/a James-Christian: Faith©
520 Oak Lane
Tyrone, PA 16686